IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL HARSH,

    Plaintiff,

vs.                          Case No._____

JASON'S PROPERTY
MAINTENANCE, INC. and JASON
CUNNINGHAM,

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW the Plaintiff, MICHAEL HARSH by and through his undersigned attorney, and sues the Defendants, JASON'S PROPERTY MAINTENANCE, INC. and JASON CUNNIGHAM (hereinafter referred to collectively as the "Defendants"), and alleges as follows:

### INTRODUCTION

1.    This is an action by the Plaintiff against his former employers for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff seeks damages and a reasonable attorney's fee.

### JURISDICTION

2.    This action arises under the Fair Labor Standards Act, 29 U.S.C. §210, *et. seq.* The Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. §216(b).

### VENUE

3.    The venue of this Court over this controversy is proper as Defendants are

residents of Lutz, Hillsborough County, Florida.

## PARTIES

4. Plaintiff, MICHAEL HARSH, became employed by Defendant JASON'S PROPERTY MAINTENANCE, INC on or about May 28, 2007, and worked for Defendant as a lawn maintenance worker for Defendant's business located in Lutz, Florida. Plaintiff's employment with Defendant terminated on or about August 22, 2007.

5. The Defendant, JASON'S PROPERTY MAINTENANCE, INC is a corporation formed and existing under the laws of the State of Florida and at all times during Plaintiffs' employment was an employer as defined by 29 U.S.C. §203(d).

6. Plaintiff was an employee of Defendant JASON'S PROPERTY MAINTENANCE, INC . and at all times relevant to the violations of the FLSA wsa engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

7. Throughout Plaintiff's employment with Defendants, the Defendant JASON'S PROPERTY MAINTENANCE, INC. was an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. §203(s)(1).

8. Throughout Plaintiff's employment, Defendant JASON CUNNINGHAM acted directly or indirectly in the interest of Defendant, JASON'S PROPERTY MAINTENANCE, INC., in relation to Plaintiff's employment and was substantially in control of the terms and conditions of the Plaintiff's work and was an employer as defined by 29 U.S.C. §203(d).

9. Throughout Plaintiff's employment, the Defendants repeatedly and willfully violated Section 7 and Section 15 of the FLSA by failing to compensate Plaintiff at a rate not less than one and one-half time the regular rate at which he was employed for

workweeks longer than forty (40) hours. Specifically, Plaintiff worked numerous weeks in excess of forty (40) hours a week, yet was not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he was employed.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally liable, for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest in the event liquidated damages are not awarded;

(d) A reasonable attorney's fee and costs; and

(e) Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

DATED: November 30, 2007

Charles Scalise, Esq.
Florida Bar No. 0776327
MORGAN & MORGAN, P.A.
20 N. Orange Avenue, 4th Floor
P.O. Box 4979
Orlando, Florida 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 420-5956
E-mail: cscalise@forthepeople.com
**Attorneys for Plaintiff**